Filed 2/27/15  P. v. Seehausen CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SCOTT C. SEEHAUSEN,<br><br>    Defendant and Appellant. | B257858<br><br>(Los Angeles County<br>Super. Ct. No. YA069146) |

THE COURT:[*]

Defendant Scott C. Seehausen appeals from the July 10, 2014 denial of various demands and motions that he filed in the superior court.  These filings related to defendant's August 21, 2008 convictions for burglary and grand theft and his two strikes sentence of 17 years in state prison.[1]  (Pen. Code, §§ 459, 487, subd. (a).)[2]  On June 1, 2009, we affirmed the judgment on appeal.

---

[*]    BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

[1]    We take judicial notice of our unpublished opinion in case No. B211557.  (Evid. Code, §§ 452, subd. (d)(1), 459.)

[2]    All further references to statutes are to the Penal Code unless stated otherwise.

The motions from whose denial defendant now appeals are as follows: (1) a March 21, 2014 motion to vacate the abstract of judgment and recall the commitment based on actual innocence want of jurisdiction; (2) an April 18, 2014 document entitled "Notice of Vested Title Rights and of Vested Title to the Case," "Notice of Trespass on Title and Trespass on the Case," "Mandatory Judicial Notice;" (3) a third demand for verified judgment of conviction signed by judge, filed May 7, 2014; (4) a second notice of demand for production of signed [Penal Code, section] 977 waiver of appearance for trial; (5) a third notice of demand for production of duly promulgated statute or enacted law which permits imprisonment absent a verifiable judgment of conviction subscribed by the hand of a state of California superior court judge; (6) a third notice of demand to be advised of charge or alternatively provide the duly promulgated statute or enacted law which permits that an individual may be tried and convicted without being informed of the charges against him; (7) a third demand for verified charging instrument which descends to particulars of offense charged; (8) third demand to be informed of the nature and cause of the accusation being charged; (9) third demand for presentation of verified charging instrument; (10) second demand for production of signed [Penal Code, § 977] waiver of appearance for arraignment; (11) third demand to be informed of the offense for which an alleged conviction has been had; (12) third motion for post trial discovery; and (13) third demand for verified charging instrument that descends to particulars of elements charged.

On July 10, 2014, the superior court summarily denied the listed motions and demands. Defendant filed a notice of appeal on July 24, 2014.

We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment that he had been unable to find any arguable issues.

On September 18, 2014, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. We have received in response: (1) a document filed September 25, 2014, entitled, "Actual and Constructive Notice, Mandatory Judicial Notice Division 4 Evidence Code § 451, Res

2

Ipsa Loquitur Presumption Evidence Code, § 646, Appellant's Motion to Remove Counsel, Demand Production of Verified Appointment of Counsel Request, Request 30 Leave to File Opening Brief, Request to Augment Record"; and (2) an opening brief filed October 10, 2014, along with a volume containing "Appendi[ces] A-E" and a volume containing an "Index of Exhibits 1-15."

On September 29, 2014, this court denied defendant's motion to remove counsel and his other requests contained in the September 25, 2014 document. We stated that the issues listed could be considered with his brief.

Defendant's opening brief poses 20 questions, all of which refer to his grievances with the proceedings leading to his August 21, 2008 convictions. Defendant's requested relief is to vacate his conviction with prejudice and declare that the lower court was without authority to place him in jeopardy for want of jurisdiction, which produced a void judgment. Alternatively, defendant requests that we reverse his convictions or that we reverse and remand with directions to the superior court to comply with certain conditions defendant prescribes.

We conclude the trial court properly denied defendant's motions below. "'[T]here is no statutory authority for a trial court to entertain a postjudgment motion that is unrelated to any proceeding then pending before the court. [Citation.] Indeed, a motion is not an independent remedy. It is ancillary to an ongoing action and "'implies the pendency of a suit between the parties and is confined to incidental matters in the progress of the cause. As the rule is sometimes expressed, a motion relates to some question collateral to the main object of the action and is connected with, and dependent on, the principal remedy.'" [Citation.] In most cases, after the judgment has become final, there is nothing pending to which a motion may attach.' [Citation.]" (*People v. Picklesimer* (2010) 48 Cal.4th 330, 337.)

As noted, defendant already appealed his convictions in case No. B211557, and the judgment was affirmed. "Following appellate affirmance of a trial court judgment and issuance of a remittitur, 'the trial court is revested with jurisdiction of the case, *but*

3

*only to carry out the judgment as ordered by the appellate court*.' [Citation.]" (*People v. Picklesimer*, *supra*, 48 Cal.4th at p. 337.)

To the extent defendant argues that these principles do not apply to him and that the judgment against him must be vacated because the trial court lacked jurisdiction, we disagree. Defendant's various motions and the issues in his opening brief center on his alleged absence from his arraignment, his "forced" representation by counsel, the fact that he was not informed of "the nature and the cause" of the accusations, his nonappearance at his trial, and the fact that he does not have a judgment signed by the trial court. Rather than a complete trial record, defendant has provided only excerpts, which he has included as exhibits. Even with this limited record, it is clear that defendant's arguments are without foundation.

At defendant's arraignment, he complained of chest pains. Paramedics were called, and they informed the court that defendant had a normal EKG. While they were there, defendant's counsel entered a not guilty plea to the charges. The trial court refused to allow defendant to represent himself because he was obstreperous and refused to comply with the security instructions dictated by the sheriff's office. The trial court twice visited defendant in lockup because defendant refused to come into court. The court properly found that defendant had voluntarily absented himself from trial, although defendant refused to sign the waiver of personal appearance form.

As for the nature and cause of the accusations, an information was filed on March 24, 2008. With respect to defendant's complaints about the judgment, as defendant was informed in a letter from the district administrator of the superior court, the abstract of judgment is not signed by the judicial officer. It is well established that, in a criminal case, the judgment is the oral pronouncement of judgment. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.) "[T]he abstract of judgment is not itself the judgment of conviction, and cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict. [Citations.] However, the abstract is a contemporaneous, statutorily sanctioned, officially prepared clerical *record* of the conviction and sentence. It may serve as the order committing the defendant to prison

4

(§ 1213), and is "'the process and authority for carrying the judgment and sentence into effect." [Citations.]' [Citation.] As such, 'the Legislature intended [it] to [accurately] summarize the judgment.' [Citation.] When prepared by the court clerk, at or near the time of judgment, as part of his or her official duty, it is cloaked with a presumption of regularity and reliability. [Citations.]" (*Ibid.*) Defendant's references to Code of Civil Procedure section 635, which provides for the signing of a judgment by the presiding judge in the absence of the trial judge in civil cases does not apply to defendant's criminal convictions.

We have examined the entire record and we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order under review is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

5